**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

THOMAS HAROLD STIGER                                                    PLAINTIFF

v.                                          2:13CV00110-JTK

T. C. OUTLAW, et al.                                                    DEFENDANTS

## MEMORANDUM AND ORDER

### I.      Introduction

This matter is before the Court on the Defendant's Motion for Summary Judgment (Doc. No. 7).  Although the Court granted Plaintiff two extensions of time, until January 14, 2014, in which to respond to the Motion, Plaintiff has not responded as of this date (Doc. Nos. 12, 17).  In addition, several documents sent to Plaintiff at his last-known address were returned to the Court as undelivered (Doc. Nos. 13, 19-23).[1]

Plaintiff filed this action pursuant to the Federal Tort Claims Act (FTCA) while incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas (Doc. No. 2).  He notified the Court of his release from incarceration on November 4, 2013 (Doc. No. 6).  Plaintiff alleges in his complaint that he was injured on April 19, 2012, in a fall while being transported to a hospital in Memphis, Tennessee, where he was scheduled for a liver biopsy.  (Doc. No. 2, p. 4.)  Specifically, he states the officer who was escorting him refused to provide a wheelchair, and when Plaintiff attempted to walk with a walker, he fell when it encountered a crack in the sidewalk.  (Id.)  Plaintiff also claims the transporting officer disregarded the injuries he suffered to his right elbow, and

_____

[1]The parties consented to proceed before me in this matter, pursuant to 28 U.S.C. Sect. 636(c), on December 19, 2013 (Doc. No. 18).

continued to transport him to the Memphis hospital without treatment. (Id., p. 5.)

Upon arrival at the Memphis hospital, the medical staff informed Plaintiff that they could not treat his elbow injury because that was not the purpose of his visit from FCI, and because the injury occurred while he was still at FCI.  (Id., p. 6.)  When he returned to FCI, he was escorted to the Forrest City hospital for treatment to his right elbow.  (Id.)  As a result of the injury, Plaintiff suffers pain in his elbow and is left with a scar.  (Id.)  He claims the officers who transported him failed to perform a duty of care owed to him and caused him to suffer unnecessary pain.  (Id.)  He asks for damages of $250,000.  (Id., p. 11.)

## II.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135, quoting FED.R.CIV.P. 56(e), and Celotex, 477 U.S. at 324.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could

2

actually affect the outcome of the lawsuit." <u>Webb</u>, 144 F.3d at 1135.

Defendant asks the Court to dismiss Plaintiff's claim against it, because he cannot show that the applicable standard of care was breached, thereby proximately causing injuries to the Plaintiff. <u>Cary v. United States</u>, 2013 WL 4496362 *1 (E.D.Ark. 2013). Although Plaintiff also claims the Bureau of Prisons (BOP) breached a duty to manage federal correctional institutions and inmates, pursuant to 18 U.S.C. § 4042, the duty of care owed to Plaintiff must be one that arises from state tort law, and not a federal statute. <u>Barnes v. United States</u>, 448 F.3d 1065, 1066 (8th Cir. 2005).

In support of the Motion, Defendant provides the declaration of Todd Catlett, the officer who escorted Plaintiff the day of the fall. (Doc. No. 9-2.) In this declaration, Catlett states that Plaintiff refused his offer of a wheelchair, stating that he preferred to use his own walker. (<u>Id</u>., p. 1.) Nothing in the policy for escorted trips mandates that inmates be transported by wheelchair, and nothing prohibits the use of a walker or an inmate's personal medical devices. (<u>Id</u>., p. 2.) Catlett further states that when Plaintiff fell, he offered to escort Plaintiff back to the health services office of FCI, but Plaintiff refused. (<u>Id</u>.) Catlett then cleaned Plaintiff's wound with a towel, and upon arrival at the Memphis hospital, a nurse cleaned and bandaged the wound. (<u>Id</u>.) Furthermore, according to Plaintiff's medical records, upon his return to FCI, he was examined, bandaged, and sent to the Forrest City hospital for x-rays, which showed no fracture or dislocation. (Doc. No. 9-1, pp. 7-15.) Based on these undisputed facts, supported by the evidence, Defendant states that Plaintiff fails to show that negligence of the officers caused Plaintiff's injuries, or that their actions breached a duty of care owed to Plaintiff and proximately caused his injuries.

The Court agrees with Defendant that Plaintiff provides no evidence to support a claim of negligence against it. Defendant United States is liable under the FTCA only to the extent that a

private entity under like circumstances would be liable to Plaintiff in accordance with the substantive law of the state where the negligent act occurred.  28 U.S.C. § 1346(b)(1); see also United States v. Olson, 546 U.S. 43, 44 (2005), and Barnes v. United States, 448 F.3d at 1066.  In Arkansas, a prima facie case of negligence is established if the plaintiff can show the defendant breached a standard of care owed to him, and that defendant's actions were the proximate cause of damages suffered by the plaintiff.  Barriga v. Arkansas and Missouri R. Co., 79 Ark. App. 358, 360-61, 87 S.W.3d 808, 810 (2002).   "'Proximate cause' is defined, for negligence purposes, as that which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.  Proximate causation is usually an issue for the jury...; [it] becomes a question of law only if reasonable minds could not differ." Barriga, 79 Ark. App. at 361, 87 S.W.3d at 810 (citations omitted.)

In this case, Plaintiff does not provide any evidence that connects the conduct of the officers who transported him to his fall and injuries, or which shows that the officers negligently failed to provide him with access to medical care and treatment.  As noted in Webb v. Lawrence County, 144 F.3d at 1135, "[o]nce the moving party has met this burden [demonstrating the absence of a genuine dispute of material fact], the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  See also Celotex Corp. v. Catrett, 477 U.S. at 324.  Therefore, absent such, the Court finds as a matter of law that Defendant's Motion should be granted.

## III.   Conclusion

IT IS, THEREFORE, ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 7) is GRANTED, and Plaintiff's Complaint against Defendant is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 17th day of January, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE